**Sam Wesley DUDLEY, Appellant,**

v.

**The STATE of Texas.**

**No. PD–197–09.**

Court of Criminal Appeals of Texas.

Jan. 27, 2010.

George E. Ashford, III, Dallas, for appellant.

Shelly O'Brien Yeatts, Jeffrey L. Van-Horn, State's Attorney, Austin, for State.

**OPINION**

PER CURIAM.

Appellant was charged with aggravated sexual assault of a child. The trial court granted the State's request for a jury charge on the lesser-included offense of indecency with a child. Appellant pleaded no contest to indecency with a child.

On appeal, Appellant argued that the trial court erred in submitting that charge because indecency with a child could never be a lesser-included offense of aggravated sexual assault of a child. The Court of Appeals agreed and reversed the conviction, relying on *Hall v. State*, 225 S.W.3d 524 (Tex.Crim.App.2007). *Dudley v. State*, —— S.W.3d —— (Tex.App.-Dallas 2008).

The State filed a petition for discretionary review contending that *Hall* should not apply to guilty pleas and that Appellant is estopped from challenging his conviction due to his no contest plea. We recently held in *Murray v. State*, 302 S.W.3d 874 (Tex.Crim.App.2009), that *Hall* applies to cases involving guilty pleas. We also held that a defendant who pleaded guilty, but then moved to withdraw his plea before the court accepted it, was not estopped from complaining on appeal. Additionally, in *Evans v. State*, 299 S.W.3d 138 (Tex.Crim.App.2009), we held that indecency with a child can be a lesser-included offense of aggravated sexual assault of a child.

The Court of Appeals did not have the benefit of our opinions in *Evans* and *Murray*. Accordingly, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals

in light of our opinions in *Evans* and *Murray*.